```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


KHALED QADER                                CIVIL ACTION


VERSUS                                      NO. 07-5461


FEDERAL EMERGENCY MANAGEMENT AGENCY         SECTION "F"
```

ORDER AND REASONS

Before the Court is the government's motion to dismiss, or in the alternative, for summary judgment. For the reasons that follow, the motion is DENIED in part and GRANTED in part.

Background

On August 29, 2005, Khaled Qader's buildings located at 3221-23 Upperline Street and 3531 Octavia Street in New Orleans, were insured under Standard Flood Insurance Policies ("SFIP") issued under the National Flood Insurance Program ("NFIP") and purchased directly from FEMA. Qader notified FEMA on September 15, 2005 that both of his buildings were flooded during Hurricane Katrina. FEMA engaged an independent adjusting firm to determine the cause and

1

extent of the damage. Based on the recommendation of the adjuster, FEMA issued payment for Qader's flood damage on January 2, 2006. Qader disagreed with the amount and requested more. In support of his request, Qader submitted repair estimates prepared by several construction firms. But he did not provide a sworn proof of loss.[1] On June 23, 2006, FEMA informed Qader by letter that his request for additional payment was denied, but that FEMA would reconsider its decision if Qader provided "documentation in the form of receipts, invoices, and/or cancelled checks" showing that his repair costs exceeded FEMA's payment. The plaintiff did not provide this documentation, but instead submitted an affidavit and sworn proof of loss for each property, which FEMA received on August 28, 2006. FEMA never responded to the proofs of loss, and Qader filed this lawsuit on September 7, 2007.[2]

---

[1] The requirements for submitting a proof of loss are set forth in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). The government has not argued that Qader's letter requesting supplemental payment or the damage estimates constituted a proof of loss. See Marseilles Homeowners Condominium Ass'n v. Fidelity Nat. Ins. Co., 2007 WL 2363141 (E.D. La. 2007) (receipts and damages estimates are not proof of loss).

[2] This lawsuit, civil action number 07-5461, involves the flood policy on the 3221-23 Upperline Street property only. The plaintiff filed a separate lawsuit involving the 3531 Octavia Street property on the same day, which was given civil action number 07-5462 and allotted to Section M. FEMA filed an identical motion in case number 07-5462, which Judge Beer granted on February 26, 2008. The Court has no information as to why the case in Section M was not transferred to this Section as a related case with a higher case number, as it should have been.

In his complaint, Qader asserts that FEMA violated the National Flood Insurance Act ("NFIA"), flood insurance regulations, and federal common law by failing to timely and fairly adjust his flood claims, failing to properly train and supervise its adjustors and agents, and failing to inform him of flood policy limitations and exclusions. Qader asserts that FEMA is liable for all damages caused by its alleged misconduct as well as attorneys' fees, costs, interest and penalties. FEMA now moves to dismiss the complaint, or, in the alternative, for summary judgment, arguing that the lawsuit is time-barred. FEMA also moves for dismissal of Qader's claims for costs, attorneys' fees, and "extra-contractual" damages.

I.

FEMA asserts that Qader filed this lawsuit more than a year after his flood claim was disallowed and moves to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim, and, in the alternative, for summary judgment under Rule 56. It is clear, however, that the motion should be treated as one for summary judgment. FEMA's reliance on letters, reports, and other documents outside of the pleadings indicates that consideration under Rule 12(b)(6) is not appropriate. Further, FEMA's "jurisdictional" challenge under Rule 12(b)(1) is inseparable from the merits of the legal issue: that is, whether FEMA's June 23,

2006 letter denying Qader's request for supplemental payment constitutes a notice of disallowance that triggers the one-year filing period under 42 U.S.C. § 4072. See Reeves v. Guiffrida, 756 F.2d 1141, 1143 (5th Cir. 1983).

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact so that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, it must come forward with competent evidence, such as affidavits or depositions, to buttress its claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

II.

FEMA argues that it is immune from this lawsuit because the waiver of sovereign immunity in § 4072 of NFIA is limited to lawsuits filed "within one year after the date of mailing of notice of disallowance or partial disallowance by the Director [of FEMA]." Title 42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in § 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated. . . .

According to FEMA, its June 23, 2006 letter denying Qader's request for additional payment was a "notice of disallowance or partial disallowance" under the Act, and, therefore, this lawsuit filed on September 7, 2007 is too late. FEMA also draws attention to Article VII(R) of the SFIP, which provides: "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within 1 year after the date of the written denial of all or part of the claim."

FEMA's submissions overlook the significant modification FEMA made to the NFIP in the aftermath of Hurricane Katrina. Before that

storm, policyholders were required to submit a sworn proof of loss to their NFIP insurer within sixty days of a loss to initiate a claim. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). On August 31, 2005, however, the Federal Insurance Administration (a component of FEMA), partially waived the proof of loss requirement to expedite the processing and payment of Katrina flood claims. The modification authorized NFIP insurers to inspect, adjust, and make payments on flood claims even before they received a sworn proof of loss. Under the changed scheme, if a policyholder agrees with the insurer's determination of benefits, the claim is settled and no proof of loss is required. If a policyholder disagrees with the determination of benefits, then:

> [The] policyholder may submit to the insurer a proof of loss within one year from the date of the loss. . . . The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim.

In short, under the modification, NFIP insurers can now disallow or partially disallow flood claims even before receiving proof of loss. But in such cases, the mailing of notice of disallowance does not trigger the one-year filing period in § 4072 or Article VII(R) of the SFIP. The statute permits a claimant to sue within one year "upon the disallowance by the Director of any *such* claim." 42 U.S.C. § 4072 (emphasis added). "Such claim" refers back to "any claims for proved and approved losses." Id. The one-

year filing period begins to run when FEMA denies a claim that is accompanied by a proof of loss, unless proof of loss is waived. The FEMA modification contemplates and creates a two-step model. The one year time-bar does not begin, as the government claims, one year from the date FEMA denies a claim based on an adjuster's report.[3] Indeed, the government's interpretation of § 4072 would render the August 31, 2005 modification to the NFIP meaningless, in that the modified procedures allow policyholders to submit proof of loss as a means of *challenging* FEMA's initial notice of disallowance or partial disallowance. See Godfrey v. Chertoff, 2007 WL 2903228 *2 (E.D. La. 2007); Richardson v. Paulison, 2007 WL 647289 *2 (E.D. La. 2007). FEMA is then required to process the proof of loss "in normal fashion," and if the proof of loss is rejected in whole or in part, the policyholder may file a lawsuit within one year of the date of the written denial. The

---

[3] The June 23, 2006 letter states: "We have received and reviewed the adjuster's report. Upon review, we discovered that the policy won't let us make the additional payment that you requested. . . . In order to consider additional payment you need to send us documentation in the form of receipts, invoices, and/or cancelled checks for the covered flood damage that have been made to the property showing that this amount has been exceeded. Unfortunately we have not received any such documentation. . . . Please send any documentation supporting a future supplemental claim to my attention and I will be happy to review the information and act as necessary. . . . If you disagree with this decision, you may choose to sue us, in which case Article VII.R requires that any suit be brought within one year of the date of this letter." This letter did not constitute a waiver of the proof of loss requirement. See 44 C.F.R. Pt. 61, App. A(1), Art. IX(d).

interpretation of the NFIA offered by the government is completely inconsistent with FEMA's interpretation of the Act, as evidenced by its August 31, 2005 modification to the proof of loss requirement. As the agency charged with administering the NFIA, FEMA's reasonable interpretation of § 4072 is entitled to deference. See Barefield v. State Farm and Cas. Co., 296 F.Supp.2d 741, 744 (S.D. Tex 2003), citing Smiley v. Citibank, 517 U.S. 735, 739 (1996), Jamal v. Travelers Lloyds of Texas Ins. Co., 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

The record shows that Qader's loss occurred on August 29, 2005. FEMA adjusted the claim and issued payment without receiving a proof of loss. Because Qader disagreed with FEMA's payment, he was permitted to file a sworn proof of loss anytime before August 29, 2006. Qader's certified mail receipts show that FEMA received the proofs of loss on August 28, 2006. Because FEMA never responded to the proofs of loss, the Court cannot conclude this lawsuit is too late.

### III.

FEMA asserts that the plaintiff's claims for "extra-contractual" damages must fail as a matter of law. The Fifth Circuit has indeed held that the NFIA allows policyholders to sue for money owed under a flood policy, does not create a cause of action against NFIP insurers for fraud or negligent

misrepresentation, and does not allow recovery of costs, attorneys' fees, or interest. See Wright v. Allstate Ins. Co., 500 F.3d 390 (5th Cir. 2007); In re Estate of Lee v. NFIP, 312 F.2d 253, 256 (5th Cir. 1987). But the Fifth Circuit has allowed a plaintiff to recover costs and attorneys' fees from FEMA under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d). See In re Estate of Lee v. NFIP, 312 F.2d at 256; see also Bolden v. Federal Emergency Management Agency, 2007 WL 3046067 *3 (E.D. La. 2007) (refusing to dismiss plaintiffs' claims for attorneys' fees under the EAJA). Plaintiff's other claims for extra-contractual relief are not permitted as a matter of law and must be dismissed.

Accordingly,

IT IS ORDERED: the defendant's motion for summary judgment is DENIED in part and GRANTED in part.

New Orleans, Louisiana, February 29, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE